JOSHUA C. KELLEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

HERBERT W. KELLEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

E. FLORENCE KELLEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 89876, 89877, 89878.    Promulgated December 6, 1938.

*Joseph W. Worthen, Esq.*, and *Erland B. Cook, Esq.*, for the petitioners.

*Bernard D. Daniels, Esq.*, and *John E. Mahoney, Esq.*, for the respondent.

1294

STERNHAGEN: The only question presented for decision is whether the partnership was entitled, as it claims, in computing its partnership income for 1935, to the deduction of the attorneys' fee paid in that year for services in connection with the tax litigation in respect of deficiencies determined as to the predecessor trust for prior years. The partnership books and return were on an accrual basis, and it is clear that the obligation for the attorneys' fee had not become fixed or determinable before 1935 and could not be said to have accrued prior to that year. The partnership itself retained the attorneys and was directly liable for their fee for services rendered to it. As petitioners say, the partnership was largely actuated to carry on the litigation by a desire to avoid a lien upon the assets acquired from the predecessor trust which might have been held liable for the tax. Thus the circumstances are sufficiently similar to call for the same decision as has been made in *H. E. Bullock*, 16 B. T. A. 451; *Benjamin Paschal O'Neal*, 18 B. T. A. 1036; *Flemmon E. Gloyd*, 19 B. T. A. 966; affirmed on another point, 63 Fed. (2d) 649; certiorari denied, 290 U. S. 633; *Isabel G. Sproehnle, Executrix, et al.*, 20 B. T. A. 417; dismissed (C. C. A., 7th Cir.) ; and *Fred T. Ley*, 21 B. T. A. 216, wherein it was held that such attorneys' fees are properly deductible as ordinary and necessary expenses of the successor taxpayer, notwithstanding that the subject matter of the litigation is the tax of the predecessor. The respondent cites *F. Tinker & Sons Co.*, 1 B. T. A. 799; *Athol Manufacturing Co.*, 22 B. T. A. 105; affd., 54 Fed. (2d) 230; *Automatic Sprinkler Co. of America*, 27 B. T. A. 160; *Sigmund Spitzer*, 23 B. T. A. 776; dismissed (C. C. A., 3d Cir.) ; and *Caldwell & Co.*, 26 B. T. A. 790; affd., 65 Fed. (2d) 1012, but those cases all involved the right of the successor to deduct the amount of a predecessor's liability which the successor had assumed. They did not involve the deductibility of

the attorneys' fees directly incurred by the successor for services in litigating such principal liabilities of the predecessor.

Following the precedents cited above, the Board holds that the partnership was entitled to deduct the $4,250 attorneys' fee, and the Commissioner's determination disallowing the deduction is reversed.

*Decision will be entered under Rule 50.*